CHAPMAN CHEVROLET CO., INC., A NEW JERSEY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6484. Promulgated July 31, 1946.

*Albert S. Gross, Esq.*, for the petitioner.
*Jay O. Kramer, Esq.*, for the respondent.

430

## OPINION.

OPPER, *Judge*: Only two provisions could entitle petitioner to the claimed deduction for its contribution to a putative "profit sharing trust." The first, section 23 (a), requires, among other things, the element of "compensation [to employees] for personal services actually rendered," or at least of "ordinary and necessary" business expense.

At the close of the tax year, no employee had more than an expectancy in the so-called trust or in the payment made to it. It was specified that:

> If any of the Beneficiaries named in Schedule A shall * * * be dismissed * * * or, if any Beneficiary, who is not an officer of the Company shall die, such Beneficiaries shall thereupon immediately lose all rights and interests in the Trust fund * * *.

As if to remove any element of compensation for past services, it is emphasized that:

The benefits provided for the Beneficiaries under this Trust have no relation whatever to the determination of the amount of compensation to be paid to an employee or officer of the Company by way of salary or commission or to any of the terms of employment, but are in addition thereto. The Company [petitioner] may terminate the employment of any Beneficiary as freely and with the same effect as if this Trust had never been created and the same shall not be construed as giving any Beneficiary the right to be retained in the service of the Company or any right, in the event of his discharge, to claim any interest under this Trust Agreement.

As in *Lincoln Electric Co.*, 6 T. C. 37, 53–54:

\* \* \* we think that the benefits to the employees upon the payment to the trust in 1941 were so uncertain, indefinite, and intangible as not to constitute "compensation [paid]" to the employees. Admittedly, petitioner cannot recapture this fund, but the practical effect of its action appears to us to be little more than the creation of a reserve for use in future years in making payments to or for deserving employees \* \* \*

\* \* \* The employer can not retain the substance and grant only the shadow. The benefit to the employee, when such disbursements are made, must be less illusory and more certainly tangible and definite than those here in dispute. \* \* \*

And that the payments to the trust might be "appropriate and helpful" in retaining the loyalty of petitioner's employees—a premise of which on this record we are by no means convinced—would yet "not establish them as *necessary* within the purview of section 23 (a) \* \* \*." *Lincoln Electric Co., supra*, pp. 55, 56.

The ground principally relied on here, however, although concededly inapplicable in the *Lincoln Electric* case, is section 23 (p). But that section envisages a continuity of program which is lacking here. It requires that a deductible payment be "apportioned in equal parts over a period of ten consecutive years \* \* \*." Much that has already been said would serve to demonstrate the inapplicability of the provisions of section 165 to this trust, which is a further prerequisite. But it suffices to note that only the single payment was ever made, and that the terms of the trust instrument even limit its operation to a five-year period.

No possibility of encompassing the plan before us within the entirely specific conditions of the statutory allowance seems to us even remotely conceivable. If petitioner is granted periodic deductions in subsequent years for payments actually made to specific employees, see *Lincoln Electric Co., supra*,—a speculation upon which we express no opinion—it will have gained the outer limit of tax benefit to which the facts appear to entitle it.

*Decision will be entered for the respondent.*